NO. 07-02-0515-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 1, 2003
_____

TERRY ANTHONY WILSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 45,476-B; HON. JOHN B. BOARD, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Terry Anthony Wilson (appellant) appeals his conviction for possession of a controlled substance. The clerk's and reporter's records were filed on February 10, 2003. Thus, appellant's brief was due on March 12, 2003. However, one was not filed on that date. By letter, this Court notified appellant's counsel of the expired deadline and directed him to respond to our letter by Monday, March 31, 2003, or the appeal would be abated

to the trial court pursuant to TEX. R. APP. P. 38.8. That date has lapsed, and appellant still has yet to file a brief.

Consequently, we abate this appeal and remand the cause to the 181st District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent and entitled to appointed counsel; and,

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's

2

record to be filed with the clerk of this court on or before May 1, 2003. Should additional time be needed to perform these tasks, the trial court may request same on or before May 1, 2003.

It is so ordered.

Per Curiam

Do not publish.